# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| **R S U I INDEMNITY COMPANY** | * | **CIVIL ACTION NO. 09-0793** |
| | | |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| | | |
| **LOUISIANA RURAL PARISH INSURANCE COOPERATIVE AND MADISON PARISH POLICE JURY** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [Doc. # 7] filed by defendant Louisiana Rural Parish Insurance Cooperative. The district court referred the motion to the undersigned magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons assigned below, it is recommended that the motion be DENIED.

## BACKGROUND

On May 14, 2009, RSUI Indemnity Company ("RSUI") as subrogee to the rights of the Madison Parish School Board, filed the above-captioned suit against Louisiana Rural Parish Insurance Cooperative ("LRPIC") and the Madison Police Jury, setting forth the following claims: Count I: breach of contract by Madison Parish Police Jury; Count II: breach of contract against LRPIC; Count III: equitable indemnity against LRPIC; Count IV: equitable subrogation against LRPIC; and Count V: Pro-rata contribution pled in the alternative to counts I, II, and III. (Petition ¶¶ 16-45).

The allegations of the complaint are as follows:

From August 22, 2007, to August 22, 2008, RSUI provided property insurance to the

Madison Parish School Board, during which time it paid $360,000.00 for property damage as the

result of a May 2008 fire that destroyed the Tallulah High School Music Building (the

"Building"). *Id*. ¶¶ 6-7. At the time of the fire, the Building was leased to the Madison Parish

Police Jury. *Id.* ¶¶ 7-9. The lease agreement between the school board and police jury required

the Madison Parish Police Jury to "provide fire and wind insurance on the leased site for

replacement value with the School Board named as an additional insured." *Id.* ¶¶ 9, 11.

As a subrogee to the rights of the School Board, RSUI alleges that the Madison Parish

Police Jury breached the lease agreement by failing to provide or obtain fire or other property

insurance on the building and failing to have the school board named as an additional insured.

*Id.* ¶ 12. RSUI also alleges, in the alternative, that the Madison Parish Police Jury did obtain fire

or first party property insurance on the building through LRPIC and did name the school board as

an additional insured, but that LRPIC failed to pay for the damage to the building. *Id.* ¶ 13. On

that basis, RSUI seeks indemnity to the extent of its payments, or, in the alternative, contribution,

from LRPIC, along with interest, attorneys fees, and costs as allowed by law.

LRPIC filed the instant Motion to Dismiss [Doc. # 7] on June 19, 2009, contending that

LRPIC is an interlocal risk management agency and therefore not subject to suit under the

Louisiana direct action statute. On July 2, 2009, plaintiff filed a response arguing that the action

was not a direct action, but a subrogation action. [Doc. # 11]. LRPIC filed a reply brief,

followed by a surreply filed by plaintiff. The motion is now ripe.

## 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b) permits dismissal where the claimant fails "to state

a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[W]hen the allegations in a

complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency

should . . . be exposed at the point of minimum expenditure of time and money by the parties and

the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (quoting 5 CHARLES ALAN

WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 234)). In

evaluating a motion to dismiss, "the District Court must take the factual allegations of the

complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in

favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278 (5th Cir.

1993) (citation omitted). The factual allegations need not be detailed, but they must be more

than labels, conclusions, or a recitation of the elements of the claim. *Twombly, supra*.

Moreover,

> the '[f]actual allegations must be enough to raise a right to relief above the
> speculative level, . . . on the assumption that all the allegations in the complaint
> are true (even if doubtful in fact)' and the non-moving party must plead 'enough
> facts to state a claim to relief that is plausible on its face.' **This standard 'simply
> calls for enough facts to raise a reasonable expectation that discovery will
> reveal evidence of' the necessary claims or elements**.

*In re Southern Scrap Material Co., LLC*, 541 F.3d 584 (5th Cir. 2008) (internal citation omitted)
(emphasis added).

Nonetheless, a 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted."

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982).

Generally, a court ruling on a motion to dismiss may rely only on the complaint and its

proper attachments. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir.

2006).

<u>**ANALYSIS**</u>

LRPIC claims that RSUI's claim is a direct action pursuant to Louisiana Revised Statute

22:655 and argues that, as an interlocal risk management agency, it is not an insurance company

or an insurer under the laws of the state, and therefore is not subject to the direct action statute.

LRPIC is correct in its assertion that interlocal risk management agencies are not subject to direct

actions; however, the undersigned agrees with plaintiff's assertion that its claim is not a direct

action but a subrogation claim arising out of a contract.

The direct action statute provides a cause of action for an injured party that otherwise

would not be available absent the statute. *In re Combustion, Inc.*, 960 F.Supp. 1056, 1062

(W.D. La. 1997). The statute permits a victim of tortious conduct to proceed directly against the

insurance company when the victim is not a party to the contract but is vested with rights in the

contract because of the liability of the insured. *Id.* In addition, "Louisiana jurisprudence has

long established that the direct action statute applies only to tort claims not to claims for breach

of contract." *Scott Constr. Equip. Co. v. Trinity Oilfield Constr. Co., Inc.*, 960 So. 2d 1170, 1172

(La. App. 2 Cir. Jun. 20, 2007) (citing *Quinlan v. Liberty Bank and Trust Co.*, 575 So. 2d 336

(La. 1990); *Taylor v. Fishing Tools, Inc.*, 274 F.Supp. 666 (E.D.La. 1967)).

In this case, Plaintiff did not sue LRPIC as a liability insurer, but instead sued LRPIC on

the basis that the damaged property was insured under a property insurance policy LRPIC issued

to the Madison Parish Police Jury. Plaintiff contends that it paid for the damage to the property,

and that the damage claim should have been paid by LRPIC instead; thus, plaintiff's claims

against LRPIC are clearly first party subrogation claims and not direct action claims. RSUI

merely "stepped into the shoes" of the Madison Parish School Board as plaintiff. Upon payment

for the damage in question, RSUI had the right to assert any contractual and or equitable claims

that the School Board could have made against LRPIC. Subrogation takes place by law "in favor of an obligor who pays a debt he owes with others or for others" and then "has recourse against those others as a result of the payment." *Aetna Ins. Co. v. Naquin*, 488 So. 2d 950, 953 n. 4 (La. 1986) (citing La. Civ. Code Ann. art. 1829(3)).

LRPIC's Reply Brief argues that St. Paul Fire and Marine Insurance Company is the proper insurer rather than LRPIC; however, this issue was not raised in its motion, and Plaintiff correctly contends that new arguments cannot be raised in a Reply Brief by a party seeking dismissal of a claim under Fed. R. Civ. P. Rule 12. Furthermore, even had LRPIC raised the issue in its initial motion, it could not properly have been decided on a motion to dismiss. A copy of the insurance policy referenced in LRPIC's reply was not attached to the complaint, and, in ruling on a motion to dismiss for failure to state a claim, the court reviews only the well-pleaded facts in the complaint and any documents properly attached thereto; it may not consider new factual allegations made outside the complaint. *See Fin. Acquisition Partners LP*, 440 F.3d at 286.

Therefore, for the reasons set forth above,

**IT IS RECOMMENDED** that the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [Doc. # 7] filed by defendant Louisiana Rural Parish Insurance Cooperative be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of July, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE